IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRIS WARREN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No.: |
| V. ) | |
| ) | |
| LIBERTY MUTUAL GROUP INC., ) | JURY TRIAL DEMANDED |
| ) | |
| DEFENDANT(S). ) | |
| ) | |

## COMPLAINT

COMES NOW, Chris Warren, by and through undersigned counsel, and files this Complaint, and shows the Court as follows:

## JURISDICTION

1. This is a suit authorized and instituted under the Age Discrimination in Employment Act, 29 U.S.C. § 621, 626(d)(1), et seq. (ADEA).

2. The Plaintiff brings this action for injunctive relief and damages under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

3. This suit is authorized and instituted under 42 U.S.C. § 1981. (Section 1981).

4. The Plaintiff brings this action for injunctive relief and damages under 28 U.S.C. §§ 1331, 1343(4), 42 U.S.C. § 2000e-5(f) and 42 U.S.C. § 1981, *et seq*. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights caused by Defendant.

5. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). The Plaintiff further sued within ninety (90) days after receiving the right-to-sue letter issued by the EEOC (Exhibit B).

**PARTIES**

6. Plaintiff, Chris Warren, ("Plaintiff" or "Warren") is a resident of Jefferson County, Alabama, and performed work for Defendant in the counties composing the Northern District during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Southern Division of the Northern District.

7. At all times relevant to the allegations in this Complaint, Plaintiff was over forty (40).

8. Plaintiff is a person of European ancestry, colloquially referred to as White.

9. Plaintiff is a male.

10. Defendant Liberty Mutual Group Inc. ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama. It is subject to service of process in Alabama.

11. Defendant employed at least 45,000 people during the current or preceding calendar year.

12. Defendant earned more than 43 billion dollars in revenue in 2020.

## FACTS

13. Plaintiff incorporates by reference and realleges each preceding paragraph as if set out herein.

14. Plaintiff is a man of European ancestry, colloquially referred to as white.

15. Plaintiff is over the age of 40.

16. Plaintiff began his employment with Defendant on or about June 14, 2018, as an insurance agent.

17. During Plaintiff's interview process, Todd Stein, the District Manager in Birmingham, asked plaintiff his age.

18. On Plaintiff's first day, Mr. Stein referred to the most senior agents as "old trees" and told plaintiff he would seat him with the "old trees."

19. On a separate occasion, Mr. Stein told plaintiff that he would not be able to "hang" because plaintiff was older than Mr. Stein.

20. Mr. Stein told plaintiff that he was the oldest agent he ever hired.

21. Plaintiff witnessed other older insurance agents forced into retirement by Mr. Stein and leadership.

22. In 2019 Plaintiff witnessed David McMillian, an agent in his 50's, forced into early retirement.

23. Mr. McMillian had been with the company for over 31 years.

24. Mr. McMillian was replaced with a younger agent.

25. In the Fall of 2019, Defendant offered current employees a $5,000.00 recruiting bonus for bringing in Sales Representatives.

26. Plaintiff recommended Raymond Humphrey, a man in his late 60's who had a long career selling insurance.

27. Mr. Stein told plaintiff that he would not hire Mr. Humphrey because "he would not be around much longer" and likes candidates that are fresh and young out of college.

28. In 2020, plaintiff witnessed Defendant offer older agents early retirement.

29. On or about October or November 2020, plaintiff witnessed Chuck Hartsfield, a man in his late 50's, forced into early retirement.

30. Defendant interviewed several younger candidates for Mr. Hartsfield's position.

31. Mr. Stein and Plaintiff sometimes worked at a car dealership in Gardendale, Alabama.

32. James Williams, a man of African ancestry, colloquially referred to as "black," worked the Gardendale dealership.

33. On one occasion plaintiff asked Mr. Stein if Mr. Williams had quit, and Mr. Stein responded that you can't fire "his kind" and that the company usually decreases their paychecks until they quit.

34. In 2019, the plaintiff hit every assigned sales goal in the first three quarters.

35. During the fourth quarter of 2019, Plaintiff's mother died, and he did not hit assigned sales goals due to this event.

36. Plaintiff was not penalized for failing to meet his 2019 fourth-quarter goals at that time.

37. In 2020, the plaintiff hit every assigned sales goal except his third-quarter goals. During the third quarter of 2020, Plaintiff was impacted by Covid-19.

38. Plaintiff was penalized in November 2020 for missing his third-quarter sales goals and was given 30 days to improve his sales.

39. Plaintiff needed to sell 45 policies to meet his goal, and he sold 49. Mr. Stein congratulated him on his success.

40. In January 2021, plaintiff had already sold several policies.

41. On January 21, 2021, Stein held a meeting with Rod McKinney, Regional Manager and Plaintiff.

42. During this meeting, Stein told the plaintiff that he would have to let him go because his sales numbers were not great.

43. Defendant offered plaintiff a severance package.

44. Defendant terminated Plaintiff's employment on or about January 21, 2021.

45. Defendant replaced Plaintiff with Catherine Jones, a younger black woman.

46. Based on reports circulated showing the sales records of all sales representatives, plaintiff knew he was out-performing other sales representatives.

47. In 2020, Courtney (LNU), a black woman in her mid-20's, only met her sales goals one out of four quarters and was not terminated.

48. Jodi Hosey, a woman in her early 40's, was placed on probation multiple times for failing to meet sales goals.

49. Keisha (LNU), a black woman, did not hit any of her assigned goals in 2020 and was not terminated.

## **CLAIMS FOR RELIEF**
## **COUNT I ADEA -TERMINATION**

50. Plaintiff incorporates and realleges each of the allegations in paragraphs 11-28, 30--47.

51. At all times relevant to the allegations in this Complaint, Plaintiff was over forty (40).

52. Defendant hired plaintiff on or about June 14, 2018.

53. Defendant's employee, Todd Stein, terminated Plaintiff's employment on or about January 21, 2021.

54. When Defendant terminated his employment, plaintiff was over forty (40) years of age and older than fellow sales representatives Courtney (LNU), Jodi Hosey, and Keisha.

55. Courtney (LNU), Jodi Hosey, and Keisha (LNU) engaged in the same or similar conduct but remained employed.

56. Catherine Jones, a younger woman, replaced plaintiff.

57. Defendant's actions in terminating Plaintiff's employment while retaining employees under age 40 or substantially younger than him violated the ADEA.

58. Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is pretext for age discrimination.

59. Because Defendant violated the ADEA, Plaintiff has been damaged, suffering loss of pay and benefits.

## COUNT II TITLE VII - RACE TERMINATION

60. Plaintiff incorporates and realleges each of the allegations in paragraphs 9-12, 14, 30-49.

61. Plaintiff is a person of European ancestry colloquially referred to as White.

62. Plaintiff was qualified for the position of insurance agent.

63. Defendant's employee, Todd Stein, terminated Plaintiff's employment on or about January 21, 2021.

64. Courtney and Keisha, other insurance agents, engaged in the same or similar conduct but remained employed.

65. Courtney and Keisha are people of African ancestry colloquially referred to as black.

66. Plaintiff was replaced by Catherine Jones, a younger black woman.

67. Defendant's actions in terminating Plaintiff's employment violated Title VII.

68. Defendant's race was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

69. Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is pretext for racial discrimination.

70. Because of Defendant's discriminatory decision made in whole or in part because of his race, plaintiff has been damaged, suffering loss of pay and benefits.

### COUNT III - TITLE VII SEX TERMINATION

71. Plaintiff incorporates and realleges each of the allegations in paragraphs 9-11, 14, 31-49.

72. Plaintiff is male.

73. Plaintiff was qualified for the position of insurance agent.

74. Defendant's employee, Todd Stein, terminated Plaintiff's employment on or about January 21, 2021.

75. Courtney, Jodi Hosey, and Keisha engaged in the same or similar conduct but remained employed.

76. Courtney, Jodi Hosey, and Keisha are all females.

77. Plaintiff was replaced by a female, Catherine Jones.

78. Defendant's actions in terminating Plaintiff's employment violated Title VII.

79. Defendant's sex was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

80. Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is pretext for sex discrimination.

81. Because Defendant violated Title VII, Plaintiff has been damaged, suffering loss of pay and benefits.

## COUNT IV 42 U. S. C. § 1981 TERMINATION

82. Plaintiff incorporates and realleges each of the allegations in paragraphs 9-14, 30-45.

83. Plaintiff is a person of European ancestry colloquially referred to as White.

84. Plaintiff was qualified for the position of insurance agent.

85. Defendant's employee, Todd Stein, terminated Plaintiff's employment on or about July 21, 2021.

86. Jodi Hosey, Courtney (LNU), and Keisha (LNU) engaged in the same or similar conduct but remained employed.

87. Courtney and Keisha are people of African ancestry colloquially referred to as black.

88. Plaintiff was replaced by Catherine Jones, a younger black woman.

89. Defendant's decision to terminate Plaintiff's employment was made, in whole or part, because of his race in violation of 42 U. S. C. § 1981.

90. Because of Defendant's violation of 42 U. S. C § 1981, plaintiff has been damaged, suffering loss of pay and benefits.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of the Age Discrimination in Employment Act.

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

C. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Section 1981;

D. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

E. Award him back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages, and nominal damages;

F. Attorneys' fees and costs;


G.  Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

H.  Any other or additional relief as determined by the Court to which plaintiff is entitled.

_____
Kira Fonteneau (FON007)

**OF COUNSEL:**

Barrett & Farahany
2 20th N. St. Suite 900
Birmingham AL 35203

**PLEASE SERVE DEFENDANT AS FOLLOWS**

Liberty Mutual Group Inc.

c/o Corporation Service Company Inc.

641 South Lawrence Street

Montgomery, AL 36104

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRIS WARREN, | ) | |
|     PLAINTIFF, | ) | |
| | ) | |
| V. | ) | Case No.: |
| | ) | |
| LIBERTY MUTUAL GROUP INC., | ) | |
|     DEFENDANT(S). | ) | JURY TRIAL DEMANDED |
| | ) | |

**CONFLICT DISCLOSURE STATEMENT**

COMES NOW the Plaintiff, Chris Warren, through the undersigned attorney of record, and under the Order of this Court, making the following disclosure about parent companies, subsidiaries, partners, limited liability entity members, and managers, trustees (but not trust beneficiaries), affiliates, or similar entities reportable under the Northern District of Alabama's Order:  **This party is an individual.**

Respectfully submitted on December 17, 2021.

_____
Kira Fonteneau (FON007)

**OF COUNSEL:**

Barrett & Farahany
Two 20th N. St. Suite 900
Birmingham AL 35203

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHRIS WARREN,

    PLAINTIFF,

VS.                      CV NO.:

LIBERTY MUTUAL GROUP INC.,

    DEFENDANT.         JURY TRIAL DEMANDED

# EXHIBIT A

Received by EEOC on 03/08/2021

| EEOC Form 5 (11/09) | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☐ EEOC | Agency(ies) Charge No(s):<br>420-2021-00911 |

_____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Chris Warren | (b) (7)(C) 1 line redacted | 1968 |
| Street Address | City, State and ZIP Code | |
| (b) (7)(C) 1 line redacted | Gardendale, AL 35071 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Liberty Mutual Group, Inc. | 20 | (844) 378-3287 |
| Street Address | City, State and ZIP Code | |
| 1200 Corporate Drive Ste. 200 | Birmingham, AL 35242 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | 0 | |
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11/2020   Latest: 01/21/2021
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

1. I am a man of European ancestry, colloquially referred to as white.
2. I am over the age of 40.
3. I began working for the Respondent on or about June 14, 2018, as an Insurance Agent.
4. Before the Respondent hired me, Todd Stein, the District Manager in Birmingham, interviewed me.
5. While interviewing, Stein told me that he wasn't supposed to ask my age but decided to do it anyway.
6. On my first day, Stein told me he would not seat me next to the "old trees," referring to the most senior agents employed.
7. On a separate occasion, Stein told me I would not be able to "hang" because I was older than him.
8. Todd then told me that I was the oldest agent he ever hired.
9. In 2019, the Respondent forced David McMillian, an agent in his late 50's into early retirement.
10. After being with the company for over 31 years, the Respondent replaced McMillian with a younger sales agent.
11. In Fall 2019, the Respondent offered a $5000 recruiting bonus for Sales Representatives.
12. I recommended Raymond Humphrey, a man in his late 60's who had a great career selling insurance before retirement.
13. Stein told me that he would not hire Humphrey because he would not be around much longer.
14. Stein told me that he likes to hire candidates fresh and young out of college.
15. On another occasion, Todd and I worked at a car dealership in Gardendale, Alabama, on a particular day.
16. James Williams, a young Black man, generally worked the dealership in Gardendale.
17. I asked Todd if James quit.
18. Todd responded that you can't fire "his kind" and that the company usually lets their paychecks go down until "they" quit.
19. In 2020, the Respondent began to offer more older agents early retirement.
20. Sometime in October or November 2020, Chuck Hartsfield, an agent in his late 50's was forced into early retirement.
21. The Respondent has interviewed several younger candidates for Hartsfield's position.

*Fonteneau Firm LLC – Lawyers for Working People*

Received by EEOC on 03/08/2021
Case 2:21-cv-01677-MHH   Document 1   Filed 12/17/21   Page 16 of 20
420-2021-00911

22. As a Sales Representative, we have sales goals we have to meet every quarter.
23. In 2019, I hit every sales goal, except the last quarter due to my mother's death.
24. The Respondent did not write me up for not meeting the fourth quarter sales goal.
25. In 2020, I hit every sales goal, except for third-quarter sales goals due to the Covid-19 pandemic.
26. In the middle of November and during the fourth quarter, Stein wrote me up.
27. Stein gave me 30 days to improve my sales.
28. I needed to sell 45 policies to meet my goal, and I sold 49.
29. Stein congratulated me.
30. My success continued into January 2021.
31. I had already sold one auto insurance policy, one life insurance policy, and ten renter's insurance policies.
32. On January 21, 2021, Stein held a meeting with Rod McKinney, the Regional Manager, and myself.
33. Almost a month after congratulating me on my recent success, Stein informed me that he would have to let me go because my numbers were not great.
34. Respondent terminated my employment on or about January 21, 2021.
35. The Respondent offered me a Severance Package.
36. Since I have worked for the Respondent, employees would get a daily report to see other sales representatives' sales.
37. I constantly out-performed other Sales Representatives, including those younger than me.
38. In 2020, Courtney LNU, a Black woman in her mid-20's, only hit one quarter out of four.
39. The Respondent did not terminate her.
40. Jodi Hosey, a woman in her early 40's, was placed on probation several times for not hitting her numbers.
41. The Respondent did not terminate her.
42. Keisha LNU, a Black woman, did not hit any of her quarters last year.
43. The Respondent did not terminate her.
44. Since I was hired, Stein has only hired individuals younger than 40.
45. The Respondent hired Catherine Jones, a younger Black woman, as my replacement.

I believe the Respondent discriminated against me because of my age in violation of the Age Discrimination in Employment Act. I believe the Respondent Discriminated against me because of my race, in violation of Title VII and 42 U.S.C. § 1981. I believe the Respondent Discriminated against me because of my sex in violation of Title VII.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY–*When necessary for State or Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 03/03/2021 *Date*   _____ *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

*Fonteneau Firm LLC – Lawyers for Working People*

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

**CHRIS WARREN,**

    **PLAINTIFF,**

**VS.**　　　　　　　　　　　　**CV NO.:**

**LIBERTY MUTUAL GROUP INC.,**

    **DEFENDANT.**　　　　　　**JURY TRIAL DEMANDED**

# EXHIBIT B

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Christopher T. Warren<br>(b) (7)(C) 1 line redacted<br>Gardendale, AL 35071 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2021-00911 | **MICHAEL G. ALBERT,**<br>Investigator | (205) 651-7043 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*for James E Love Sr*           September 23, 2021

Enclosures(s)     **BRADLEY A. ANDERSON,**<br>District Director     *(Date Issued)*

cc:    **LIBERTY MUTUAL GROUP INC.**<br>C/o Kimberly Drummond<br>175 Berkeley St, #M06<br>Boston, MA  02116

Kira Fonteneau<br>5 POINTS LAW<br>2151 Highland Avenue South<br>Suite 205<br>Birmingham, AL 35205

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued*** to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*